**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| **KENNETH WADE BURRESS and** | |
| **PRISCILLA BURRESS** | **PLAINTIFFS** |
| | |
| **V.**           **1:01CV00072-WRW** | |
| | |
| **UNION PACIFIC RAILROAD** | |
| **COMPANY, et al.** | **DEFENDANTS** |
| | |
| **MISSOURI & NORTHERN ARKANSAS** | |
| **RAILROAD COMPANY, INC.** | **THIRD-PARTY PLAINTIFF** |
| | |
| **CONAGRA POULTRY COMPANY** | **THIRD-PARTY DEFENDANT** |

**ORDER**

In a June 20, 2007 letter,[1] I asked the parties to submit letter-briefs regarding the right to a jury trial in this case. Third-party Plaintiff Missouri & Northern Arkansas Railroad Company ("MNAR") and third-party Defendant ConAgra both have submitted letter-briefs.[2]

ConAgra wants a jury trial in Batesville and MNRA wants a bench trial, either in Batesville or Little Rock. MNRA asserts that ConAgra waived its right to a jury trial by waiting too long to make the request.

While its true that ConAgra did not include a jury demand in its answer to MNRA's third-party Complaint, a jury demand was included in ConAgra's answer to the original complaint. Furthermore, for six years this case has been pending with the understanding that it was to be tried to a jury. In fact, the July 7, 2004 scheduling order and August 25, 2006 amended scheduling order -- both entered after the settlement between the original Plaintiffs and Defendants -- each stated that this would be a jury trial. There were no objections by MNRA.

---

[1] Doc. No. 345.

[2] Doc. No. 346, 347.

MNRA's contention that this case should be tried to a judge, rather than jury, was not raised until April 30, 2007 -- in a Joint Status Report.[3]  ConAgra filed a supplemental jury demand on June 19, 2007.[4]

The Eighth Circuit Court of Appeals has held that "courts 'ought to approach each application under Rule 39(b) with an open mind,' and that jury trials ought to be liberally granted when no prejudice results . . . ."[5]  Additionally, a request for a jury trial should be granted "in the absence of strong and compelling reasons to the contrary."[6]

When a jury trial is requested, even if out-of-time, I believe the request should be granted so long as it doesn't discombobulate the trial schedule or prejudice the opposing party.  Neither factor is present here (I note that MNAR has not argued prejudice, and I don't see how there could be any).

Accordingly, this case will remain on the jury trial calendar.  MNAR's objection is overruled, but its exception is saved.

A new scheduling order will be issued forthwith.

IT IS SO ORDERED this 18th day of December, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] Doc. No. 335.

[4] Doc. No. 343.

[5] *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581 (8th Cir. 1980) (internal citation omitted).

[6] *First Wisconsin Nat. Bank of Rice Lake v. Klapmeier*, 526 F.2d 77, 80 (8th Cir. 1975).