IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| KENNETH WADE BURRESS and PRISCILLA BURRESS | PLAINTIFFS |
| V.              1:01-CV-00072--WRW | |
| UNION PACIFIC RAILROAD COMPANY | DEFENDANTS |
| MISSOURI & NORTHERN ARKANSAS RAILROAD COMPANY, INC. | THIRD-PARTY PLAINTIFF |
| CONAGRA POULTRY COMPANY | THIRD-PARTY DEFENDANT |

**ORDER**

I am in receipt of Union Pacific's January 12, 2009, letter, which points out that there are a few outstanding issues from previously submitted letter-briefs. I will address those issues now.

**I.     BACKGROUND**

On May 7, 2001, Plaintiff, a ConAgra employee, sued Union Pacific Railroad and Missouri & Northern Arkansas Railroad Company, Inc. (together " the Railroads") for injuries that occurred during "intraplant switching" on August 1, 1998. The case was removed to this Court on June 25, 2001.[1]

On August 29, 2001, and September 7, 2001, the Railroads asked ConAgra "to indemnify and proved a defense in this matter. That request was denied."[2] The Railroads filed a third-party complaint on January 14, 2002, which alleged that ConAgra was obligated to indemnify the Railroads based on a April 25, 1990 Industry Track Agreement ("the Agreement"), and that ConAgra breached the Agreement when it "refused to provide indemnity and a defense" in this

---

[1]Doc. No. 1.

[2]Doc. Nos. 17, 20. In its Answers, ConAgra admitted this point. See Doc. Nos. 18, 23.

case.[3] The Railroads "renewed [the] request to ConAgra for indemnity and a defense in this matter shortly before the matter was to be mediated on March 9, 2004. ConAgra did not respond to the request in any manner."[4]

At the mediation on March 9, 2004, Plaintiffs and the Railroads settled the case; however, the third-party claims between the Railroads and ConAgra remained pending. During a    March 15, 2004, telephone conference approving the settlement agreement, ConAgra asserted that the settlement amount was unreasonable.[5]

In a March 30, 2004, Order granting the Railroads' Motion for Summary Judgment, the Court found that the Agreement obligated ConAgra to indemnify the Railroads for Plaintiffs' losses.[6] However, the Order reserved ruling on "issues pertaining to the reasonableness of the settlement" agreement.[7] The Eighth Circuit affirmed this ruling on June 29, 2006.[8]

In March of 2005, the parties submitted a series of letter-briefs giving their take on the standard of proof and evidence necessary at trial.[9]

---

[3]Doc. No. 17.

[4]Doc. No. 252.

[5]In a March 15, 2004, brief on outstanding issues, ConAgra asserted that it "did not agree that [the settlement] was a reasonable sum and that it accurately reflected the loss sustained." Doc. No. 254.

[6]"The Court finds that under the terms of The Track Agreement, the Third-Party Defendant, ConAgra agreed to indemnify the Defendants, Union Pacific and MNAR, for all Loss, as defined in the Agreement, which arises from or grows out of intraplant switching, whether or not Union Pacific or MNAR contributes to the cause of the loss." Doc. No. 266.

[7]Doc. No. 266.

[8]*Union Pacific R.R. Co. v. ConAgra Poultry Co.*, 189 Fed. Appx. 576 (8th Cir. 2006).

[9]See correspondence in case file.

**II.    DISCUSSION**

When an indemnitor denies liability and refuses to take up the defense of a case, and the indemnitee settles with the plaintiff, the indemnitee "must show that its settlement was reasonable and made in good faith" in order to make it binding on an indemnitor[10]  In such cases, "proof of absolute legal liability or the actual amount of damages is not necessary in a subsequent action for recovery against the indemnitor;"[11] instead, the indemnitor need establish only "<u>potential</u> liability" to the plaintiff and that the "settlement amount was reasonably related" to Plaintiff's injuries.[12]

To determine reasonableness, the fact finder "generally" compares "the nature of the injury and the damages incurred to the size of the settlement."[13]  To determine good faith, the fact finder "evaluate[s] the probability that [the settling party] would have been held liable."[14]

The Railroads alerted ConAgra to the indemnity claims and settlement negotiations. However, ConAgra denied liability under the indemnity agreement and refused to take up the defense of the claims.  Accordingly, the Railroads "need only prove [their] <u>potential</u> liability . . . and that the settlement amount was reasonably related to [Plaintiff's] injuries."[15] (Although ConAgra argues that this standard applies only to FELA cases, and that the Eighth Circuit's

---

[10]*Burlington Northern, Inc. v. Hughes Bros., Inc.*, 671 F.2d 279, 282 (8th Cir. 1982).

[11]*Missouri Pacific R. Co. v. Kansas Gas and Elec. Co.*, 862 F.2d 796, 801 (10th Cir. 1988) (citing *Burlington Northern,* 671 F.2d at 283).

[12]*Burlington Northern, Inc.*, 671 F.2d at 283 (emphasis added)

[13]*Id.*

[14]*Id.*

[15]*Id.* (emphasis added).

3

"analysis of 'potential liability' can not be adopted here,"[16] the "potential liability" standard has been applied in several non-FELA cases.[17])

ConAgra contends that Plaintiffs' possible contributory negligence should be presented to the jury because it relates to whether the settlement was reasonable and made in good faith. However, permitting ConAgra to present this evidence, without limitation, opens the possibility of litigating the merits of Plaintiffs' claims. Allowing such a practice would counter any incentive that indemnitees had to settle cases, and would "undermine[] the policy in favor of settlement after due notice to the indemnitor."[18] If ConAgra wanted to pursue these defenses, it had the opportunity when the Railroads informed it of the indemnity obligations and settlement negotiations. As one court explained:

> Indemnitors . . . cannot sit back and ignore an indemnitee's tender of defense and offer to participate in settlement negotiations, and then turn around and assert defenses in an indemnification action that could have been asserted in the earlier settings. Since [the indemnitor] had spurned [the indemnitee's] tender of defense and invitation to participate in the settlement negotiations, [the indemnitee] was free to move forward with settlement negotiations, confident that the reasonableness of the settlement would not be second-guessed in a later, full-fledged, plenary trial of all the issues.[19]

When ConAgra passed on the opportunity to assume the defense of the case, it, for the most part, forfeited the opportunity to present evidence of contributory negligence. The fact that there may have been some contributory negligence does not amount to an absolute defense. If

---

[16] See ConAgra's March 4, 2005 letter.

[17] See *Central Nat. Ins. Co. of Omaha v. Devonshire Coverage Corp.*, 565 F.2d 490 (8th Cir. 1977); *Weissman v. Boating Magazine*, 946 F.2d 811 (11th Cir. 1991); *XL Specialty Ins. Co. v. Kiewit Offshore Services, Ltd.*, 513 F.3d 146 (5th Cir. 2008); *Coleman v. School Bd. of Richland Parish*, 418 F.3d 511 (5th Cir. 2005); *Insurance Co. of North America v. Aberdeen Ins. Services, Inc.*, 253 F.3d 878 (5th Cir. 2001); *Atlantic Richfield Co. v. Interstate Oil Transp. Co.*, 784 F.2d 106, 113 (2d Cir. 1986).

[18] *Burlington Northern, Inc.*, 671 F.2d at 283.

[19] *Oscar J. Boldt Const. Co. v. N.J. Schaub & Sons, Inc.*, No. 00-0916, 2001 WL 864312 (Wis. App. Aug. 1, 2001).

ConAgra has evidence that may establish the existence of an absolute defense to recovery that the Railroads neglected to recognize, the evidence may be relevant -- since it could negate any indemnity obligations, and rebut the existence of any potential liability.

## CONCLUSION

Based on the above interpretation of the law, at trial the Railroads have the burden of establishing there was potential liability toward Plaintiffs, and that the settlement agreement was reasonable and made in good faith.

As set out in the July 14, 2008 Final Scheduling Order, this case is set for a jury trial commencing at 9:00 a.m., Tuesday, June 9, 2009.  The discovery cutoff is 5 p.m., Wednesday, March 25, 2009, and any dispositive motions must be filed by 5 p.m., Thursday, April 9, 2009.[20]

IT IS SO ORDERED this 6th day of February, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[20] Doc. No. 361.