# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
500 W. CAPITOL, ROOM D444
LITTLE ROCK, ARKANSAS 72201-3325
(501) 604-5140
Facsimile (501) 604-5149

**March 16, 2009**

Mr. Robert L. Henry , III
Barber, McCaskill, Jones & Hale, P.A.
400 West Capitol Avenue, Suite 2700
Little Rock, AR 72201-3414

Mr. Kirkman T. Dougherty
Hardin, Jesson & Terry - Fort Smith
Post Office Box 10127
Fort Smith, AR 72903-0127

> Re:    *Burress v. Union Pacific Railroad, et al*, 1:01-CV-00072-WRW
>           Follow-up to March 13, 2009 Letter

Dear Counsel:

Since our telephone conference this afternoon I have been cogitating, cerebrating, and thinking what I believe to be relevant thoughts.

First, I am even more satisfied that Con-Agra's failure and refusal to participate in mediation, although clearly offered the opportunity, should bar the introduction of evidence pertaining to Plaintiff's alleged negligence. I don't see how any other approach would work, *i.e*., if I let in a "little bit" of evidence in this regard, where would I draw the line? I think it would be impossible.

There may be cases where a party in Con-Agra's shoes could prove outright fraud, total lack of a duty on the part of the settling party who claims indemnity, etc., but I will not spend more time musing about such possibilities.

I believe Plaintiff's original counsel should be able to testify as an expert, and he should be able to refer to the evidence he considered, and the law he considered. As I understand it, Union Pacific lawyers want to call this lawyer to the stand and ask him, among other things, what statements entered into his opinion as to the liability and reasonable amount of settlement. They would want this lawyer to be able to refer to deposition testimony of various witnesses, as I understand it.

I'm greatly inclined to think these deposition statements could be referred to under Federal Rule of Evidence 703, specifically including the last proviso which allows introduction of the hearsay itself if the Court determines it is more probative than prejudicial. Here we have a sworn deposition statement of witnesses who were cross-examined by counsel (Union Pacific's counsel) who had the same, or essentially the same, motive to cross-examine that Con-Agra's counsel would have had.

Additionally, while I have not thought this through, my visceral reaction is that these deposition statements are probably admissible as non-hearsay. I think they would go to Plaintiff's counsel's thought process in making a settlement evaluation. As an example, suppose, in an intersection accident case, a witness gives a deposition in which the witness states that the defendant ran a red light, thus causing a collision. Any reasonable counsel would take this expected testimony into consideration in evaluating the settlement value of the case -- lawyers for both sides would. This would be true even if neither lawyer had much confidence in the truthfulness of the witness. As I see it, this statement would not be offered to prove that the defendant did, in fact, run the red light, but, instead, would be offered to show what effect it had on the state of mind of the lawyer in evaluating settlement.

I will await Mr. Henry's brief on this point before making a final decision, but I thought it would be a good idea if I would give all counsel my thinking at this point.

It is always good to have a round of top-flight lawyers involved in a case, so I can continue to look forward to this trial.

Cordially,

/s/ Wm. R. Wilson, Jr.

P.S.    The above was dictated after the clerks' office closed Friday afternoon so I could not get it to you until this morning.


Original to the Clerk of the Court
cc:    Other Counsel of Record

Page 2 of  2