**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | |
|---|---|
| KENNETH WADE BURRESS and<br>PRISCILLA BURRESS | PLAINTIFFS |
| V.     1:01-CV-00072--WRW | |
| UNION PACIFIC RAILROAD<br>COMPANY, et al. | DEFENDANTS |
| MISSOURI & NORTHERN ARKANSAS<br>RAILROAD COMPANY, INC. | THIRD-PARTY PLAINTIFF |
| CONAGRA POULTRY COMPANY | THIRD-PARTY DEFENDANT |

**ORDER**

Pending is Union Pacific Railroad and Missouri & Northern Arkansas Railroad Company, Inc. (together " the Railroads") Motion for Partial Summary Judgment (Doc. No. 397) on the issue of "potential liability." ConAgra has responded and the Railroads replied.[1] Based on the findings of fact and conclusions of law below, the Railroads' Motion is GRANTED.

**I.     BACKGROUND**

The facts that gave rise to this litigation are outlined in detail in the February 6, 2009 Order.[2] However, a review of the procedural background is beneficial here. Plaintiffs and the Railroads settled on March 9, 2004, leaving only the Railroads third-party claims for indemnity against ConAgra. On March 30, 2004, I granted the Railroads' Motion for Summary Judgment against third-party Defendant ConAgra, and found that the April 25, 1990, Industry Track Agreement obligated ConAgra to indemnify the Railroads for Plaintiffs' losses.[3] I reserved

---

[1]Doc. Nos. 403, 406.

[2]Doc. No. 372.

[3]"The Court finds that under the terms of The Track Agreement, the Third-Party Defendant, ConAgra agreed to indemnify the Defendants, Union Pacific and MNAR, for all Loss, as defined in the Agreement, which arises from or grows out of intraplant switching,

1

ruling on "issues pertaining to the reasonableness of the settlement" agreement.[4] The Eighth Circuit affirmed this ruling on June 29, 2006.[5]

In a February 6, 2009, Order, I held that the Railroads had the burden of establishing potential liability and that the settlement was reasonable and made in good faith. I rejected ConAgra's position that it should be able to, without limitation, present evidence regarding Plaintiffs' possible contributory negligence to the jury -- my belief was and is that allowing ConAgra to present this evidence would, in effect, constitute the trial of a case that was settled, a right ConAgra forfeited when it elected not to assume the defense of the case before March, 2004.

At the parties' request, a telephone conference was held on March 13, 2009, which addressed questions regarding proof that could be presented at trial.[6] In a March 16, 2009, letter, I reiterated that ConAgra should not be permitted to introduce evidence regarding Plaintiff's alleged negligence.[7] In a Motion for Reconsideration, ConAgra, again, argued that it should be permitted to present evidence of contributory negligence at trial;[8] and, again, I rejected ConAgra's position.[9]

---

whether or not Union Pacific or MNAR contributes to the cause of the loss." Doc. No. 266.

[4] Doc. No. 266.

[5] *Union Pacific R.R. Co. v. ConAgra Poultry Co.*, 189 Fed. Appx. 576 (8th Cir. 2006).

[6] Doc. No. 393.

[7] Doc. No. 378.

[8] Doc. No. 380.

[9] Doc. No. 390.

**II.    DISCUSSION**

In the context of indemnity actions, I could find no exact definition of "potential liability." According to Merriam-Webster's Online Dictionary, "potential" means: "existing in possibility : capable of development into actuality."[10] So, it seems to me that if the Railroads can establish that it was <u>possible</u> that they would be liable to Plaintiff, they have established "potential liability." I understand this element to be simply the gateway to the next step of proof: establishing reasonableness and good faith. Of course, if the settling defendants were not even potentially liable to the plaintiff, the settling defendants could not be indemnified.

As I stated in the February 6, 2009, Order, "[i]f ConAgra has evidence that may establish the existence of an absolute defense to recovery that the Railroads neglected to recognize, the evidence may be relevant -- since it could negate any indemnity obligations, and rebut the existence of any potential liability." In their Statement of Material Facts, the Railroads assert that they "did not have an absolute defense to Plaintiff's claims."[11] In response, ConAgra "Denied" this claim, but provided <u>no</u> evidence to the contrary.[12] Based on the undisputed facts in the record, it is clear that Defendants were potentially liable to Plaintiffs -- in other words, it was <u>possible</u> that Defendants could be held liable for Plaintiffs' injuries. ConAgra has presented no evidence to the contrary, and has failed to establish an absolute defense that would shield Defendants from liability.

---

[10] Available at: http://www.merriam-webster.com/dictionary/potential. Accessed on May 6, 2009.

[11] Doc. No. 399.

[12] Doc. No. 405.

## CONCLUSION

Based on the findings of fact and conclusions of law above, the Railroads have established that there was potential liability, and their Motion for Partial Summary Judgment (Doc. No. 397) is GRANTED.  For trial, questions of fact that remain as to the reasonableness and good faith of the settlement.

IT IS SO ORDERED this 7th day of May, 2009.


/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE