IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| KENNETH WADE BURRESS AND PRISCILLA BURRESS | PLAINTIFFS |
| vs.   No. 1:01 cv 72 WRW | |
| UNION PACIFIC RAILROAD COMPANY, MISSOURI & NORTHERN ARKANSAS RAILROAD COMPANY, INC., MISSOURI PACIFIC RAILROAD COMPANY, JOHN DOE 1, JOHN DOE II, JOHN DOE III, JOHN DOE IV | DEFENDANTS |
| MISSOURI & NORTHERN ARKANSAS RAILROAD COMPANY, INC. | THIRD-PARTY PLAINTIFF |
| CONAGRA POULTRY COMPANY | THIRD-PARTY DEFENDANT |

## MEMORANDUM BRIEF OF CONAGRA POULTRY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE ABOUT PUNITIVE DAMAGES

### INTRODUCTION

Based on the Court's rulings to date, the trial of this case will involve an effort by UP/MNAR to recover indemnity from ConAgra for a settlement in the amount of $5,000,000.00. The jury will be required to determine whether that settlement is reasonable and whether that settlement was made in good faith. For the reasons set forth below, evidence of punitive damages is totally irrelevant and should be excluded from the trial.

### ARGUMENT

Evidence must be relevant to be admissible. Irrelevant evidence is not admissible. Rule 402, Federal Rules of Evidence. Even evidence that is argued to have some

probative value should nevertheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. Rule 403, Federal Rules of Evidence.

Punitive damages is not relevant in this case and its mention would be solely to prejudice ConAgra and confuse the jury. Punitive damages are not part of the settlement by UP/MNAR for $5,000,000.00.

The Mediation Settlement Agreement entered into on March 9, 2004 is attached to the Motion as Exhibit "1". The Mediation Settlement Agreement is signed by representatives of UP, MNAR, plaintiffs, and all attorneys and specifically provides:

> ... None of the above described payments are being paid as 'punitive' or 'exemplary' damages.

The actual "Release and Confidential Settlement Agreement" entered into between UP/MNAR and plaintiffs is dated April 9, 2004 and is attached to the Motion as Exhibit "2". That Settlement Agreement specifically sets forth the agreement of UP/MNAR and plaintiffs as to the allocation of the settlement as follows:

> On behalf of UP to Kenneth Burress – $900,000
> On behalf of UP to Priscilla Burress – $100,000
> On behalf of MNAR to Kenneth Burress – $3,600,000
> On behalf of MNAR to Priscilla Burress – $400,000

That same Settlement Agreement (Exhibit "2") contains an express agreement by UP/MNAR and plaintiffs that the settlement does not include any payment for punitive damages and that no part of the consideration is for punitive damages. That settlement agreement provides:

2

### (I)  NO PAYMENT FOR EXEMPLARY OR PUNITIVE

It is expressly agreed and understood that no part of the consideration set forth above is being paid for punitive or exemplary damages. Rather, the consideration is being paid solely for physical injuries actually sustained by plaintiffs.

UP/MNAR specifically agreed the settlement did not represent any payment for "punitive damages" and that "the consideration is being paid solely for physical injuries actually sustained by plaintiffs." That is the settlement which is relevant for the trial in this case. Punitive damages are not relevant to the settlement or the trial of this case.

UP/MNAR should not be allowed to offer witnesses and evidence concerning punitive damages when that evidence is not relevant and UP/MNAR expressly agreed punitive damages are not part of the settlement. Irrelevant evidence is not admissible. Rule 402, Federal Rules of Evidence. The prejudice to ConAgra of admitting this irrelevant and inadmissible punitive damage evidence is obvious. UP/MNAR mentioning punitive damages or evidence would be an attempt by UP/MNAR to inflame the jury, confuse the jury, and prejudice ConAgra with evidence that they expressly agreed is not "the consideration" for the settlement. (See Exhibit "2").

Furthermore, plaintiffs were not entitled to go to the jury on punitive damages, as a matter of law. This is demonstrated by the Motion of UP for Summary Judgment and the Memorandum Brief in Support of that Motion which are found as Document Nos. 215, 216, 217). These pleadings are incorporated herein as if set out word for word.

### CONCLUSION

The Court should enter its Order precluding any mention or reference to punitive damages evidence because it is not relevant, the risk of prejudice and confusion of issues

3

substantially outweighs any argued probative value, and the evidence does not support punitive damages as a matter of law.

>Respectfully submitted,
>
>BARBER, McCASKILL, JONES & HALE, P.A.
>Attorneys for ConAgra Poultry Company
>2700 Regions Center
>400 West Capitol Avenue
>Little Rock, AR 72201-3414
>(501) 372-6175
>
>By _____
>Robert L. Henry, III    AR BIN 72054
>rhenry@barberlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

| | |
|---|---|
| Kirkman T. Dougherty | kdougherty@hardinlaw.com |
| John Young | jyoung@flynnassoc.com |
| Aaron A. Clark | aclark@mcgrathnorth.com |

_____
Robert L. Henry, III    Bar # 72054
Attorney for ConAgra Poultry Company
Barber, McCaskill, Jones & Hale, P.A.
2700 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201
(501) 372-6175
E-mail: rhenry@barberlawfirm.com